Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000425
27-FEB-2020
09:31 AM

NO. CAAP-19-0000425

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LIONEL N. LIMA, JR., Claimant-Appellant/Appellant, v.
AOAO WAILUNA RECREATION ASSOCIATION, Employer-Appellee,
and ACCLAMATION INSURANCE MANAGEMENT SERVICES,
Insurance Carrier-Appellee/Appellee, and
SPECIAL COMPENSATION FUND, Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2018-256; DCD NO. 2-03-09719)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By:  Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Upon review of this appeal by self-represented Claimant-Appellant/Appellant Lionel N. Lima, Jr. (**Lima**) from a workers' compensation administrative matter, and the record, it appears that we lack appellate jurisdiction.

Lima appeals from the following orders entered by the Labor and Industrial Relations Appeals Board (**LIRAB**)[1] entered in LIRAB Case No. AB 2018-256:

(1)   a January 14, 2019 order compelling Lima to submit to an independent medical examination;

(2)   a January 18, 2019 notice of non-hearing motion regarding Lima's January 16, 2019 motion for reconsideration of the January 14, 2019 order;

---

[1]   The LIRAB was comprised of members Melanie S. Matsui and Marie C.L. Laderta; chair Danny J. Vasconcellos was recused.

(3)    a January 29, 2019 order granting in part and denying in part Lima's January 16, 2019 motion for reconsideration of the January 14, 2019 order;

(4)    a May 1, 2019 notice of non-hearing motion regarding Lima's April 11, 2019 motion to allow Lima to complete an independent medical examination with a dermatologist;

(5)    a May 1, 2019 pretrial order that defined the two issues for adjudication on the merits in LIRAB Case No. AB 2018-256;

(6)    a May 3, 2019 order holding LIRAB Case No. AB 2018-256 in abeyance as a result of Lima's refusal to comply with the LIRAB's January 14, 2019 order compelling Lima to submit to an independent medical examination;

(7)    a May 8, 2019 order denying, as moot, Employer/ Appellee/Appellee Safety National-Work Comp HI-Wailuna Recreation Association's April 18, 2019 motion for stay of proceedings to enforce the January 29, 2019 order; and

(8)    a May 15, 2019 order denying Lima's April 11, 2019 motion to allow Lima to complete an independent medical examination with a dermatologist.

The Hawai'i Supreme Court has held:

> The appeal of a decision or order of the LIRAB is governed by HRS § 91-14(a), the statute authorizing appeals in administrative agency cases. HRS § 91-14(a) authorizes judicial review of a final decision and order in a contested case or a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief. For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. . . . Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Bocalbos v. Kapiolani Med. Ctr. for Women & Children, 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999) (citations and some internal quotation marks omitted; emphasis added).

For example, "a decision that finally adjudicates the matter of medical and temporary disability benefits is an appealable final order under HRS § 91-14(a), even though the matter of

2

permanent disability has been left for later determination." Id. at 443, 974 P.2d at 1033. In contrast, when the LIRAB's determination of a claimant's workers' compensation claim for benefits "has not been made[,] . . . the requisite decree of finality is lacking with respect to th[e] case[,]" and the appellate court lacks jurisdiction. Mitchell v. State Dep't. of Educ., 77 Hawai'i 305, 308, 884 P.2d 368, 371 (1994) (citation omitted).

In this case, none of the orders being appealed finally adjudicated a benefit. Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-19-0000425 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 27, 2020.

Chief Judge

Associate Judge

Associate Judge

3